Thank you. Good morning, Your Honors. Catherine Westerman on behalf of the appellant, Louis Lee Zacherle. I'd like to reserve one minute for rebuttal. All right. Thank you, Your Honors. We're here today because the district court aired when it imposed $15,000 in restitution under the Mandatory Victim Restitution Act, because the record lacks a sufficient, reliable causal link between Mr. Zacherle's offensive conviction and assault on December 9th, 2014, and CO's PTSD and wage loss. Restitution must be limited to a defendant's underlying offense of conviction approximately caused by the offense that they pleaded guilty to. And this goes back 30 years to the Supreme Court case in Huey v. United States, where the United States, excuse me, the Supreme Court recognized that this very well will limit victim restitution, but it also ensures victim restitution when a defendant pleads guilty. Let me ask you this, Ms. Westerman, why isn't that causal link provided by the scope of the factual stipulation in the plea agreement? And specifically, where there's an admission that the incident on December 9 was only part of a larger tumultuous relationship between the defendant and the victim in this case? Yes, Your Honor, because while Mr. Zacherle admitted that their relationship was a tumultuous relationship, he explicitly denied all other charges, all other assaults, and that's in the PSR at paragraph 41A. And so the other assaults that CO is alleging, Mr. Zacherle did not plead guilty to those offenses. He took pains throughout the entire plea agreement to limit that the only assault he admitted to was December 9th, 2014. But, Counselor, in the sentencing, I was going to say, at sentencing, CO testified, and was her testimony undermined in any way because she testified in detail, so sort of fleshed out that admission in the plea agreement? Your Honor, CO did testify at sentencing, and CO testified that the restitution sought, the lost wages, was caused by seven years of abuse, and that's what she submitted to the CVCP for lost wages. The problem with that, Your Honors, is that even, that goes well before even the conduct listed in the indictment. She listed in her CVCP application 2010 through 2017, and the indictment doesn't even start listing conduct until 2014, four years later. And her statements at sentencing, she explained to the court, and this is at ER 70 and 72, I was diagnosed with PTSD, and the Crime Victims Fund, Crime Victims, has paid me out for lost wages from that. There is a clinical diagnosis. But the problem is, the clinical diagnosis doesn't list Mr. Zacherle anywhere. His name is not mentioned. And further, in the CVCP application at SER 1, CO listed that the assaults causing her wage loss were done by a gun, and that is nowhere in the stipulated record, or in the stipulated facts in the plea agreement. And further, the CVCP invoices list a completely different date for the injury date. They list November 1, 2017, more than three years later. Further, CO reported that she stopped working three and a half years after the December 9, 2014 assault in March 2018. And there is evidence in the record that there were potentially other causes to CO's PTSD. And the question that is raised by the- Well, counsel, does it have to be the sole cause? Your Honor, I would point this court to Paroline, where they took pain- the Supreme Court took pains to recognize that defendants are required to pay restitution for losses they caused. And when there are multiple causes, even when an offense has horrific underlying facts, a defendant is still entitled to have their losses apportioned, and should not be shouldered with the entire losses that may have had other causes. And so, Mr. Zacherle isn't asking for the moon here, he's asking for- Counsel, didn't your client waive introducing those other causes when counsel didn't question CO on the stand at the sentencing hearing? No, Your Honor, I do not think that he- that under- that defense counsel below waived presenting those other causes because it is- CO had no basis to know what exactly went into a PTSD diagnosis. She knows that she is talking- that she talked to a doctor about seven years of abuse, and that may have been one cause, but she doesn't have the knowledge that the doctor would. And we would not be here today, Your Honors, if the doctor's statement said assault- PTSD caused by the assault of Mr. Zacherle. We wouldn't be here, but that's not- But why wouldn't her testimony be sufficient to meet the preponderance standard? Because her testimony is summary and conclusory. It says, I applied for lost wages based on the domestic violence caused by Mr. Zacherle. But that's not what- Mr. Zacherle did not plead to seven years of abuse. He pled to a single count on a 14. But counsel, in the plea agreement, didn't your client state that CO reported other incidents during this general timeframe during- involving other assaults and attempted strangulation? Yes, Your Honor, Mr. Zacherle stipulated that CO reported that. However, in- that CO did report other incidents of domestic violence, but he vehemently denied those other assaults. And that's in the PSR 40- paragraph 41A. So while he stipulated that CO did report other assaults, he did not agree that he conducted and assaulted her on other dates. But didn't defense counsel at the sentencing hearing concede that there were other incidents? I'm thinking at ER 89, we also agree that there were more than just the one incident in 2014 involving the laundry basket. That doesn't change the fact that- yes, Your Honor, that was stated at sentencing. That doesn't change the fact that he explicitly only pleaded guilty to a single assault and took pains throughout the plea agreement and in his objection to the restitution only to- excuse me, for the court only to sentence and provide restitution based on the offense of conviction December 9th, 2014. Can I direct your attention back to the plea agreement for a moment? And in the plea agreement, it seems to contemplate at one point that the restitution obligation could flow not just to CO, the victim that we're talking about, but to an additional victim. And if that's the case, doesn't the plea agreement- isn't it fair to then just the conduct that issue in the count of conviction? Because the other victim wasn't even involved in that count of conviction. Your Honor is correct that the purpose that the restitution language at ER 10 through 11 in the plea agreement did expand the scope here to the- to a second victim. However, it did not expand the scope to all- everything alleged against Mr. Zacherle. It did not expand the scope to all unproven allegations that Mr. Zacherle vehemently disputed. And even if this court were- even if this court were to interpret that that language expanded the scope, that expands the scope to dismissed counts. And the only other dismissed count at issue here would be the assault in count two. And assaults are discrete offenses. They're not continuing offenses. They are an incident on a single day. I submitted to this court, United States v. Boris, which was recently decided by this court that four single shots with a gun constitutes four separate assaults. It is not a continuing course of conduct. And here, Mr. Zacherle pleaded guilty to a single assault on a single day and took pains at every opportunity at sentencing, in his sentencing briefing, to make sure that he explained he only admitted to that single assault. And that's why we're asking this court- oh. Can I ask- how does that square with that- that he- he can plead guilty to count one, which is- has a time period of three years? Your Honor, in the plea agreement at- I think it's ER 6 footnote one, Mr. Zacherle specifically bargained that while he was pleading guilty to count one, he did not concede the date range. He was only conceding the assault on December 9th, 2014. He did not plead guilty to the date range. And further, that would have been- even if the date range were discussed more fully, that- that would have been multiplicitous for multiple assaults. I see my time has expired. Can I go over to answer your question, Your Honor? Yes, go ahead and finish your answer. Thank you. If that date range were the basis for the assault, that would be extremely problematic because that would make- assault is a discrete offense. It is not a continuing offense. It can only be for a single act. And so that would be multiplicitous for it to be multiple offenses during that three-year period. And Mr. Zacherle specifically wrote in his plea agreement and thank you. Thank you, counsel. Our questioning took you over time, so I'll put a minute on the clock for rebuttal. Thank you, Your Honor. Go ahead when ready. Good afternoon. Thank you, Your Honor. May it please the court, pursuant to statute, when there's a dispute as to restitution, as was the case here, it is the district court that is required to determine the amount of restitution by a preponderance of the evidence. And district courts have broad discretion in ordering restitution. When that restitution approaches this court, the court will review the legality de novo, but will review the amount of restitution for an abuse of discretion and the factual findings supporting the order, and a great import in this case to include actual findings regarding causation for clear error. And I would just briefly note that in this case, the district court took great pains in making sure that it satisfied its obligations under section 3664, and specifically found at excerpt of record 101, that given the evidence he had heard, the $15,000 was proximately caused, and he addressed Mr. Zacherly and said, by the crime you pled to. So let me ask you this, counsel, the district court's analysis that the restitution was warranted because it's tied to the offense conduct that the defendant pled to, really is achieved by construing the offense conduct broadly to kind of include the lengthy history of abuse between, alleged by the victim in this case. But the plea agreement specifically limited the mission to one particular date. So despite the fact that the indictment charged broader conduct, what the parties negotiated, what defendant agreed to plead to, was an incident on a single date. So how do you square that? And isn't it an abuse discretion when the parties negotiated admission to a single date for the court to say, well, I'm going to construe the offense conduct much broader than that in order to kind of open up the date range for restitution purposes? Your Honor, I have two points as to that. The first is that I do think that the court needs to view this through the lens of Mr. Zacherly's entire plea agreement, which includes a specific restitution provision, wherein he says that he agrees to pay restitution to both victims, regardless of whether or not the relevant count of conviction was dismissed. And counsel had a response to that, and that is that that provision is specifically intended to cover the other victim for whom the count got dismissed. So that was what was negotiated. It was a restitution provision, and that is what the defendant agreed to pay restitution to both victims. And in that same provision, he specifically noted with respect to the second victim, though, he was maintaining his factual innocence. With respect to CO, he agreed that factual matters should be considered beyond the specific count that he was admitting to, and essentially admitted factual guilt. In his sentencing memorandum, at excerpts of Record 23, defendant explains that in entering the plea agreement, he agreed that the court should consider things such as strangulation, and acknowledges that he was attempting to strike a balance between what Mr. Zacherly was prepared to admit to and what the government, and these So the government maintains that to the extent acts of violence against CO were dismissed pursuant to the plea agreement, they were still properly considered for restitution purposes. I'm trying to understand the basis of the district court's conclusion. We've had a lot of discussion about the terms of the plea agreement, but it appeared that the district court based the decision on a finding that there was a nexus between the incident, the December incident, and the loss that the victim suffered. Is that right? I mean, in other words, we've had a lot of discussion about the plea agreement. It doesn't look like the district court based his decision on the language of the plea agreement. That is correct, Your Honor. I believe that is correct. And I believe the district court was correct in determining that he did not need to parse out through the PTSD diagnosis and the resulting loss of wages, how much of that PTSD diagnosis was directly attributable to the specific assault in a domestic violence context, resulting in substantial bodily injury that the defendant pled to. I believe the district court was correct in that the law does not require that level of parsing, and instead sought to establish the defendant was the proximate cause of the loss and that there was no intervening cause that was not directly attributable to the defendant's admitted offensive conviction, and there was no circumstance that the defendant did not himself create. Well, so let's assume for a moment that we didn't agree with that conclusion. Does the plea agreement save you? In other words, does it matter whether or not the district judge interpreted the plea agreement as opening the door for a more expansive restitution award? Your Honor, the plea agreement does save us, so to speak, in that regard, because the plea agreement contemplates restitution for both victims, regardless of whether or not the offense was dismissed. And Your Honor, the district court, right at the outset of the hearing, relayed that that was his understanding of the plea agreement. The defendant has agreed to pay restitution to both victims. Defendant never argued at the trial court level, this goes beyond the scope of my plea agreement. I was only agreeing for restitution, seemingly for GR, for anything she could come up with, but for CO, only for this offense that I pled to. He never argued that. Instead, he argued causation, saying that he would need medical testimony, that the PTSD diagnosis was based on the conduct of Mr. Zacherle. Can you respond to Defense Counsel's argument that the assault is a discreet event, and so charging that three-year time frame was improper? Thank you, Your Honor. Yes, I can. The response for a motion for duplicity would have been for the government to respond with a bill of particulars, or to require a special verdict form, if that was a matter at issue. I would note, though, the timing of a bill of particulars was long surpassed in accordance with the rule. There was never any issue as to what was charged in that count. Quite honestly, the government tends to lump similar misconduct together, so the defendant is typically not stuck with paying $100 special assessment on many, many, many counts. The government lumps together charges of child exploitation, to include child pornography, child sex trafficking often, several instances are lumped together, and sorting out exactly what is charged is handled with a bill of particulars. That was never requested here, because again, as the defendant notes in his sentencing memorandum at 23, he was aware of what the government had charged and could prove. And because of the plea agreement, do you agree with them that they never conceded that any other assaults happened except for the one on December 9, 2014, or are we allowed to consider that, assume that other assaults did happen within that time frame? You are, you can assume that other assaults did happen within that time frame. In fact, defendant received an increase for strangulation, a guideline increase for strangulation, and he acknowledges that again, he essentially concedes that that's an appropriate increase, knows the offense that he pled to, but says he's trying to strike a balance between what he's prepared to admit to and what the government could prove. And he doesn't object to that increase now. There were certainly other assaults, and I do think that it's incredibly important to the extent that the defendant suggests this could have been caused by some other thing, some unknown force could have generated this PTSD. The victim was on the stand, and he had every opportunity to ask her, were there other tragic events, other tragic events that could have contributed to this diagnosis? He declined to ask a single question. That's all I have, unless the court has additional questions for me. It doesn't appear that we do. Thank you. Thank you, Your Honor. Sorry, Your Honors, I was on mute. Thank you, Your Honors. First, I want to touch on the fact that the government argues the plea agreement saves the government. That's not the case. Any ambiguity in the plea agreement is construed against the drafter, and here, that is the negotiated between parties that if Mr. Zacherly, if the counts two and three were dismissed, he would still pay restitution to the other victim. As far as... What is the ambiguity in the words of the plea agreement? I don't see the ambiguity there. Thank you, Your Honor. At ER 10, defendant agrees to pay restitution to both victims detailed in the indictment, regardless of whether or not the count in which the victim was dismissed. The parties agree that although defendant agrees to pay restitution to both victims, this doesn't increase the guidelines at all. The problem with that... I see I'm over time. Please go ahead. Please finish. The problem is that the focus of this language is both victims, and that's repeated throughout the entire record of the sentencing hearing and in the objections to the restitution, as well as in the sentencing memorandum. And it doesn't list that he agrees to seven years of abuse. It doesn't list that he agrees to everything alleged in the PSR. Instead, it says both victims and dismissed counts. So even if the court construes this as expanding the scope of restitution, it only does so to the second dismissed count, the assault strangulation in count two, which again would be a discreet act, a specific assault on a specific day. So thank you, Your Honors. And we're asking this court to remand to the district court so that appropriate causation and evidence can be submitted so that Mr. Zacherle can pay the restitution that he caused. Thank you. Thank you very much to counsel for both sides for your argument. The matter is submitted. Next is Hanson versus Schubert.
judges: Nguyen, Seeborg, Bumatay